IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMORY HOWARD, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-14-2104 |
| STATE OF MARYLAND, et al., | * | |
| Respondents | * | |

\*\*\*

# MEMORANDUM

Respondents have filed an answer to the above-captioned petition for writ of habeas corpus seeking dismissal of this matter as unexhausted. ECF No. 6. Petitioner has not replied. For the reasons that follow, the petition, filed pursuant to 28 U.S.C. § 2241, shall be dismissed without prejudice.

Petitioner Emory Howard ("Howard") alleged he was unlawfully held in the custody of the Maryland Department of Public Safety and Correctional Services (DPSCS) because he had not been provided a parole revocation hearing in a timely manner. ECF No. 1. He states he was found not guilty of the charge that caused the Maryland Parole Commission to issue a retake warrant. ECF No. 4. As relief, Howard seeks a parole revocation hearing, release from confinement, and/or the quashing of a detainer. ECF Nos. 1 & 4.

The claims presented by Howard involve questions of state law making the petition subject to the exhaustion requirement of 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th

Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Respondents assert that Howard has not exhausted state judicial review regarding the untimely revocation hearing. ECF No. 6. Respondents note that Howard has not filed any petitions in state court raising any of the issues contained in the instant petition. *Id.*, Ex. 2.[1]

As it is clear that Howard did not exhaust his claim regarding the delay in a parole revocation hearing with the Maryland state courts, the instant petition must be dismissed without prejudice. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Howard has not demonstrated a basis for the issuance of a certificate of appealability. A separate order follows.

---

[1] Howard was offered a revocation hearing on July 23, 2014, which he declined, instead seeking a postponement due to having "a pending rule 4 violation (new offense) which ha[d] not been adjudicated." *Id*., Ex. 1.

```
```
DATED this 29th day of October, 2013.

                            BY THE COURT:

                            /s/
                            James K. Bredar
                            United States District Judge